United States District Court
Southern District of Texas
ENTERED
August 17, 2026
Nathan Ochsner, Clerk

United States Courts
Southern District of Texas
FILED
August 14, 2026
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **JONATHAN RODRIGUEZ LOPEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 7:26-CV-0354** |
| | § | |
| **GLORIA I. CHAVEZ, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER FOR TRANSFER**

Petitioner JONATHAN RODRIGUEZ LOPEZ, appearing through the assistance of counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by immigration officials. (Dkt. No. 1). Petitioner, a noncitizen of the United States,[1] complains that he is being detained absent a judicial warrant, a meaningful opportunity to contest the basis for his detention, and a bond determination. (*See id.* at 10-14). Notably, Petitioner has been physically transferred for detention at the Port Isabel Service Processing Center (the "Detention Facility") in Los Fresnos, Cameron County, Texas. (Dkt. No. 7-3). For reference, Cameron County is in the Brownsville Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(4) (listing counties comprising the Brownsville Division). The nature of Petitioner's challenge raises the question of whether this case should be transferred to the judicial division where Petitioner is detained.

Indeed, upon review of the record and the relevant law, the Magistrate Judge has determined that this case should be transferred to the Brownsville Division.

[1] Petitioner alleges that he is a citizen of Cuba (Dkt. No. 1), but the Government offers documentation reflecting that Plaintiff is in fact a citizen of Colombia (Dkt. Nos. 7-1, 7-2).

## I. BACKGROUND

Petitioner entered the United States on a visitor visa in 2022 and later purportedly applied for asylum with immigration officials. (*See* Dkt. No. 1 at 1-2, 8).

On July 30, 2026, Petitioner was detained by immigration officials as he was traveling through an airport in Hidalgo County, that is, within the McAllen Division. (*See id.* at 2, 6, 8-9).

That same day, Petitioner was processed by an immigration officer in Los Fresnos, Texas. (*See* Dkt. No. 7-2 at 1). Petitioner was issued a *Notice to Appear* and immigration removal proceedings were initiated against him based on a charge that he overstayed his visa. (*See id.*).

On July 31st, habeas counsel filed the Petition on Petitioner's behalf. (Dkt. No. 1). Through the Petition, counsel represented that Petitioner had yet to appear before an Immigration Judge for purposes of a bond or custody determination. (*Id.* at 2, 7, 9, 12).

On August 3, 2026, the Magistrate Judge ordered the Government to submit a response to the Petition. (Dkt. No. 4).

The Government has now responded (Dkt. No. 7), arguing that Petitioner is lawfully detained and that his claims are not cognizable on federal habeas review. The Government also advises that Petitioner had been transferred to the Detention Facility. (*Id.* at 1).

## II. LEGAL STANDARD

A § 2241 petition is properly filed in the district court having jurisdiction over the petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434, 442 (2004) (citing 28 U.S.C. §§ 2241, 2242, 2243). That said, when a petitioner files for § 2241 relief in the correct district but in a division other than the one in which they are incarcerated, it is typical for the action to be transferred, for the convenience of the parties and witnesses and in the interest of justice, to the division of incarceration. *See United States v. Thomas*, 2009 WL 5088766, at *1 (S.D. Tex.

Dec. 21, 2009) (citing 28 U.S.C. § 1404(a)) (transferring § 2241 petition from the Corpus Christi Division to the Laredo Division, where the petitioner was incarcerated); *see also Marroquin v. Longoria*, 2020 WL 13556064, at *1 (S.D. Tex. May 13, 2020) (citing *Thomas*, 2009 WL 5088766, at *1); *Jones v. Stephens*, 2023 WL 219343, at *1 (E.D. Tex. Jan. 17, 2023).

## III. ANALYSIS

Since his initial detention, Petitioner has been transferred to the Detention Facility, which is within the Southern District of Texas, albeit in the Brownsville Division. Because the Detention Facility, and thus Petitioner's custodian, or warden, are in the Brownsville Division, rather than the McAllen Division, it is proper to transfer this case to the Brownsville Division for the convenience of the parties and witnesses and in the interest of justice. In issuing this order, the Magistrate Judge takes note of habeas counsel's preference that this case be litigated in the McAllen Division. (*See* Dkt. No. 1 at 4, 15). However, all indications are that Petitioner was transferred out of the McAllen Division before the filing of the Petition and before any orders to the contrary could issue.

## IV. CONCLUSION

For these reasons, the Magistrate Judge hereby ORDERS that this case be TRANSFERRED to the Brownsville Division.

IT IS SO ORDERED.

DONE at McAllen, Texas this 14th day of August 2026.

J. SCOTT HACKER
United States Magistrate Judge